UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1232 |
| | § | |
| JOSE CORDERO, | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Jose Cordero's Corrected Motion for Rehearing [Doc. # 46] ("Motion") through which Cordero asks the Court to reconsider its Order [Doc. # 43] ("Disqualification Order") disqualifying Cordero's counsel in this case, Clarissa Guajardo. Having reviewed the record and the governing legal authorities, the Court **denies** the Motion.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of

judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479. Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

The Court disqualified Guajardo because she "participated personally and substantially in a connected matter to the one at bar during her employ as a trial attorney at the INS." Disqualification Order, at 17 (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.10(a); MODEL RULES OF PROF'L CONDUCT R. 1.11;18 U.S.C. § 207(a)(1)). In his Motion, Cordero attacks the Court's holding that Guajardo's pertinent work at the Immigration and Naturalization Service ("INS") is connected to this case. Cordero's Motion is merely a rehash of his previously advanced arguments, which were rejected by the Court.

Cordero's Motion cites documents not previously included in the record. Cordero does not provide, however, any reason why these newly cited documents could not have been offered in the original submissions so the could have been considered before the Court entered the Disqualification Order.[1]  *See Templet*, 367 F.3d at 479.

Even if Cordero had presented newly discovered evidence that could not have been presented earlier, a point Cordero does not assert, the Court would nevertheless deny his Motion for Rehearing.  Cordero argues that the Court wrongly assumed that Guajardo must have been exposed to the INS's information regarding Cordero's lawful permanent residence ("LPR") status when she approved an Order to Show Cause ("OSC") initiating a deportation proceeding against Cordero.  Cordero argues that "[i]n fact, the Agency's left hand did not know what its right hand was doing," and Guajardo did not review such information.  *See* Motion, at 1-2.

The Court is not persuaded.  Guajardo personally signed and thus approved as legally sufficient an OSC charging Cordero with overstaying a visa.  As the Court stated in the Disqualification Order, for Guajardo to have approved the OSC, she must

---

[1] The exhibits in issue are attached to Cordero's original Motion for Rehearing [Doc. # 45].  The Court notes that Cordero filed a "corrected version" of his Motion for Rehearing that superseded the original version [Doc. # 46].  However, the corrected motion does not contain the exhibits to which Cordero refers.  The Court nevertheless considers the exhibits as discussed in the text.

have determined that Cordero did not then have LPR status. In other words, if Cordero was a lawful permanent resident at the time, there would have been insufficient legal basis for an OSC charging that he was deportable for overstaying a visa; a lawful permanent resident does not require a visa. Cordero's contentions that Guajardo did not review all of INS's information regarding Cordero's LPR status, or that the OSC may have been issued in error, do not change the fact that Guajardo confirmed the INS's view that Cordero did not have LPR status when she approved the OSC. In the instant case, the United States seeks to denaturalize Cordero on the ground, *inter alia*, that he did not have LPR status at the time he was naturalized. The instant case is thus connected to Guajardo's approval of the pertinent Cordero OSC, and Cordero's argument to the contrary is rejected.

In a further attempt to show that this proceeding is not connected to Guajardo's work at the INS, Cordero points to a document he argues establishes that the Immigration Court rejected the OSC approved by Guajardo, and it did so because other proceedings allegedly already were underway against Cordero. *See* Letter, Exh. 1 to Motion, [Doc. # 45-2]. The letter to which Cordero refers is a typed form that states "the Office of the Immigration Judge cannot accept the attached [Order to Show Cause] due to insufficient information." *Id.* The document also contains the typed notation: "Please submit motion to re-open, the Immigration Court has a case already

pending. This case is closed." *Id.* Cordero's reliance on this document is unavailing. The document does not contain Cordero's name or any identifying number and is completely unauthenticated. Nor does the document establish what ultimately became of the deportation case against Cordero that was initiated through the OSC Guarjardo approved as legally sufficient.

Nothing raised by Cordero in his Motion for Rehearing changes the fact that Guajardo necessarily determined that Cordero did not have LPR status when she approved the OSC in issue on behalf of the INS.[2] Guajardo's work on Cordero's deportation case at the INS is sufficiently "connected" to the pending matter to meet the applicable legal standards.

Because Cordero has failed to clearly establish a manifest error of law or fact, or present newly discovered evidence, *see Ross*, 426 F.3d at 763, his Motion for Rehearing [Doc. # 46] is **denied.**

It is so **ORDERED**.

SIGNED at Houston, Texas, this 15th day of **June, 2010**.

_____
Nancy F. Atlas
United States District Judge

---

[2] Although not dispositive, it is noted that Guajardo now seeks to represent Cordero in this denaturalization proceeding where Cordero may want to take a contrary position, *i.e.*, that he did have LPR status at that time and when he was naturalized.