IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1232 |
| | § | |
| JOSE CORDERO, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This denaturalization case is before the Court on the Motion for Summary

Judgment ("Motion") [Doc. # 60] filed by Plaintiff United States of America, to which

Defendant Jose Cordero filed an Opposition [Doc. # 64], and Plaintiff filed a Reply

[Doc. # 67]. Having reviewed the record and applied governing legal authorities, the

Court **grants** the Motion.

## I.    BACKGROUND

The material facts in this case are largely undisputed. Defendant, a native of

Costa Rica, entered the United States illegally in 1978. At some point thereafter,

Defendant left the United States and reentered in 1981 as a non-immigrant visitor.

In August 1982, Defendant married Chavez-Guell. In June 1983, while Guell

was pregnant, she and Defendant divorced.

In October 1983, Defendant married Else Rena Calderon, a United States citizen. Defendant has admitted that he married Calderon to obtain legal permanent resident ("LPR") status in the United States. Defendant has admitted that he did not meet Calderon before the day they were married, that the two never lived together, and that they never consummated the marriage. Indeed, Defendant has admitted living with Guell the entire time he was married to Calderon.

In March 1984, Calderon filed an I-130 visa petition asking that Defendant be recognized as her immediate family member for immigration purposes. That same day, Defendant submitted an I-485 Application to Register Residence or Adjust Status to obtain LPR status in the United States. The application was approved in July 1984.

In September 1986, Defendant and Calderon divorced. In March 1987, Defendant remarried Guell. Defendant then filed an I-130 requesting that Guell be classified as his immediate relative for immigration purposes. In connection with the filing, Defendant and Guell each submitted a Form G-325A Biographic Information form, on which they listed the same address as their residence for the period while Defendant was married to Calderon.

In July 1988, Defendant was served with a Notice of Intent to Rescind his LPR status on the basis of marriage fraud. In February 1989, the immigration judge issued an order rescinding Defendant's LPR status. Defendant appealed the immigration

judge's decision and, on June 17, 1993, the Board of Immigration Appeals ("Board")

dismissed Defendant's appeal.  Defendant did not appeal the Board's decision.

On February 17, 1994, Defendant was naturalized and received a Certificate of

Naturalization.

On April 23, 2009, the United States filed its Complaint to Revoke

Naturalization [Doc. # 1].  After an adequate time to complete discovery, the United

States moved for summary judgment.  The Motion is now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary

judgment, after adequate time for discovery and upon motion, against a party who

fails to make a sufficient showing of the existence of an element essential to the

party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.

1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil

Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  In deciding a motion for summary

judgment, the Court must determine whether the "pleadings, the discovery and

disclosure materials on file, and any affidavits show that there is no genuine issue as

to any material fact and that the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336

F.3d 410, 412 (5th Cir. 2003).  However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999).  The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.  *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002) (noting that unsworn pleadings do not constitute proper summary judgment evidence).  Likewise, "unsubstantiated or conclusory assertions that a fact issue exists" do not meet this burden. *Morris v. Covan World Wide Moving, Inc.*,  144 F.3d 377, 380 (5th Cir. 1998).  Instead, the nonmoving party must present specific facts that show "the existence of a 'genuine' issue concerning every essential component of its case." *Id.*

## III.   ANALYSIS

An order admitting a person to citizenship may be revoked, and a certificate of naturalization cancelled, if the order and certificate of naturalization "were illegally procured  or  were  procured  by  concealment  of  a  material  fact  or  by  willful misrepresentation[.]"  8 U.S.C. § 1451(a).  To obtain revocation of citizenship, the United States must present evidence that is "clear, unequivocal, and convincing." *Fedorenko v. United States*, 449 U.S. 490, 505 (1981); *see also United States v.*

*Almallah*, 244 F. App'x 584, 586 (5th Cir. Aug. 7, 2007); *United States v. Akamo*, __ F. Supp. 2d __, 2011 WL 1157332, *4 (S.D. Tex. 2011).

The United States asserts that Defendant's naturalization was "illegally procured."[1] Naturalization is "illegally procured" and subject to revocation when the naturalized citizen was statutorily ineligible for naturalization before becoming a naturalized citizen. *Fedorenko,* 449 U.S. at 506. "[T]here must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship. Failure to comply with any of these conditions renders the certificate of citizenship 'illegally procured' . . .." *Id.* One of the statutory requirements for naturalization is that the individual be lawfully admitted to the United States for permanent residence. *See* 8 U.S.C. § 1429.

In this case, it is undisputed that Defendant was naturalized on February 17, 1994. It is also undisputed that, on that date, Defendant's LPR status had been revoked and the appeal of that revocation had been dismissed. Consequently, the undisputed evidence establishes that, at the time Defendant was naturalized, he did not satisfy the requirement that he be lawfully admitted to the United States for permanent

---

[1]     The United States argues also that Defendant procured his naturalization "by concealment of a material fact or by willful misrepresentations." Because Defendant's naturalization was "illegally procured," the Court need not decide this alternative issue.

residence.  Having failed to satisfy this requirement, Defendant's naturalization was "illegally procured" and is subject to being vacated by this Court.  The United States is entitled to summary judgment on its Complaint to Revoke Naturalization.

## IV.  CONCLUSION AND ORDER

Plaintiff has demonstrated by clear, convincing, and uncontroverted evidence that, at the time he became a naturalized citizen, Defendant did not satisfy one of the statutory requirements for naturalization.  As a result, it is hereby

**ORDERED** that the United States of America's Motion for Summary Judgment [Doc. # 60] is **GRANTED**.  The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **21st** day of **April, 2011**.

Nancy F. Atlas
United States District Judge